**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>ENCORE CAPITAL GROUP, INC., MIDLAND FUNDING, LLC, MIDLAND CREDIT MANAGEMENT, INC. & DOES 1-10<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>RICHARD HAMILTON | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**02/26/2016** at 08:00:00 AM<br><br>Clerk of the Superior Court<br>By Cody Newlan, Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Central Division - Hall of Justice<br><br>330 West Broadway<br>San Diego, CA 92101 | **CASE NUMBER:**<br>*(Número del Caso):*<br>37-2016-00006522-CL-MC-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Daniel G. Shay, Esq., 409 Camino Del Rio South, Suite 101B, San Diego, California 92108 - (619)222-7429

| | | | |
|---|---|---|---|
| DATE: 02/29/2016<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | C. Newlan | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Encore Capital Group, Inc.

   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 8-9-16

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

Exhibit 1
Page 1

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Daniel G. Shay, Esq. (SBN 250548)<br>Law Office of Daniel G. Shay<br>409 Camino Del Rio South, Suite 101B<br>San Diego, CA 92108<br>TELEPHONE NO.: 619-222-7429      FAX NO.: 866-431-3292<br>ATTORNEY FOR *(Name):* Richard Hamilton (Plaintiff) | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**02/26/2016** at 08:00:00 AM<br><br>Clerk of the Superior Court<br>By Cody Newlan, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN DIEGO**
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central Division - Hall of Justice

CASE NAME:
Richard Hamilton vs. Encore Capital Group, Inc. et al

| CIVIL CASE COVER SHEET<br>☐ Unlimited  ☑ Limited<br>(Amount (Amount<br>demanded demanded is<br>exceeds $25,000) $25,000 or less) | Complex Case Designation<br>☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>37-2016-00006522-CL-MC-CTL<br><br>JUDGE: Judge Joel M. Pressman<br>DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation**
**(Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☑ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):* 3 (three)
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 2/25/16
Daniel G. Shay, Esq.
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

Exhibit 1
Page 2

1  Daniel G. Shay (State Bar No. 250548)
   DanielShay@TCPAFDCPA.com
2  **LAW OFFICE OF DANIEL G. SHAY**
   409 Camino Del Rio South, Suite 101B
3  San Diego, CA  92108
   Telephone: (619) 222-7429
4  Facsimile:  (866) 431-3292

5

6  *Attorney for Plaintiff*

7

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**02/26/2016** at 08:00:00 AM

Clerk of the Superior Court
By Cody Newlan, Deputy Clerk

8

# SUPERIOR COURT OF CALIFORNIA

9

# COUNTY OF SAN DIEGO – CENTRAL DIVISION

10

11

12  RICHARD HAMILTON,                            ) CASE NO. 37-2016-00006522-CL-MC-CTL
13                                               )
              Plaintiff,                         ) COMPLAINT FOR DAMAGES
14                                               )
                                                 ) VIOLATIONS OF THE ROSENTHAL FAIR
15  vs.                                          ) DEBT COLLECTION PRACTICES ACT,
                                                 ) CAL. CIV. CODE 1788 & 1812.700 ET. SEQ.
16                                               )
                                                 ) VIOLATIONS OF THE FAIR DEBT
17                                               ) COLLECTION PRACTICES ACT,
                                                 ) 15 U.S.C. 1692 ET. SEQ.
18  ENCORE CAPITAL GROUP, INC.,                  )
    MIDLAND FUNDING, LLC,                        )
19  MIDLAND CREDIT MANAGEMENT, INC.              ) VIOLATIONS OF THE FAIR DEBT
    & DOES 1-10,                                 ) BUYING PRACTICES ACT,
20                                               ) CAL. CIV. CODE 1788.50 ET. SEQ.
21            Defendants.                        )
                                                 ) JURY TRIAL DEMANDED
22                                               )
                                                 ) [IMAGED FILE]
23  _____         )

24

25

26

27

28

                                    1

Complaint for Damages

Exhibit 1
Page 3

## INTRODUCTION

1.  Richard Hamilton ("Plaintiff") brings this action for damages and any other available legal or equitable remedies, resulting from the illegal actions of Encore Capital Group, Inc., Midland Funding, LLC and Midland Credit Management, Inc. (collectively "Defendants") and present, former, or future direct and indirect owners, officers, shareholders, parent companies, subsidiaries, affiliates, agents, and/or related entities for negligently and/or willfully violating debt collection laws.

2.  Plaintiff is currently in a Chapter Seven Bankruptcy in San Diego under case number 16-00370-MM7 filed on January 28, 2016. The statute of limitations is expiring soon for claims alleged herein and Plaintiff is filing this case now to preserve those claims either for him or the bankruptcy estate.

3.  Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney.

## JURISDICTION AND VENUE

4.  Jurisdiction of this court is proper for violations of The California Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq* pursuant to Cal. Code of Civ. Pro. § 410.10 *et seq.*

5.  Jurisdiction of this court is proper for violations of The Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq* pursuant to 15 U.S.C. § 1692(k)(d).

6.  Jurisdiction of this court is proper for violations of The California Fair Debt Buying Practices Act ("FDBPA"), Cal. Civ. Code § 1788.50 *et seq* pursuant to Cal. Code of Civ. Pro. § 410.10 *et seq.*

7.  Venue is proper in San Diego because the illegal acts alleged herein took place within the City of San Diego.

## PARTIES

8.  Plaintiff is, and at all times mentioned herein was, an individual citizen and resident of the State of California, County of San Diego, in this judicial district. Plaintiff is, and at all times

2

Exhibit 1

Page 4

1  mentioned herein was, a "person" as defined by Cal. Civ. Code § 1788.2(g).  Plaintiff is also a

2  "debtor" as defined by Cal. Civ. Code § 1788.2(h) and a "consumer" as defined by 15 U.S.C.

3  § 1692(a)(3).

4  9.  Plaintiff is informed and believes, and thereon alleges, that Encore Capital Group, Inc.

5  ("Encore") is, and at all times mentioned herein was, a corporation registered in Delaware

6  with its principal place of business located in San Diego, California.  Plaintiff alleges that at

7  all times relevant herein it conducted business in the State of California, in the County and

8  City of San Diego, within this judicial district.  It is, and at all times mentioned herein was, a

9  "person," as defined by Cal. Civ. Code § 1788.2(g).  It operates as a collection company and

10  is a "debt collector" as defined by Cal. Civ. Code § 1788.2(b) and 15 U.S.C. §1692(a)(6) and

11  a "debt buyer" under Cal. Civ. Code § 1788.50 (a)(1).

12  10.  Plaintiff is informed and believes, and thereon alleges, that Midland Funding, LLC ("Midland

13  Funding") is, and at all times mentioned herein was, a limited liability company registered in

14  Delaware with its principal place of business located in San Diego, California.  It is a

15  subsidiary of Encore.  Plaintiff alleges that at all times relevant herein it conducted business in

16  the State of California, in the County and City of San Diego, within this judicial district.  It is,

17  and at all times mentioned herein was, a "person," as defined by Cal. Civ. Code § 1788.2(g), a

18  "debt collector" as defined by Cal. Civ. Code § 1788.2(b) and a "debt buyer" under Cal. Civ.

19  Code § 1788.50 (a)(1).

20  11.  Plaintiff is informed and believes, and thereon alleges, that Midland Credit Management, Inc.

21  ("Midland Credit") is, and at all times mentioned herein was, a corporation registered in

22  Kansas with its principal place of business located in San Diego, California.  It is a subsidiary

23  of Encore.  Plaintiff alleges that at all times relevant herein it conducted business in the State

24  of California, in the County and City of San Diego, within this judicial district.  It is, and at all

25  times mentioned herein was, a "person," as defined by Cal. Civ. Code § 1788.2(g) and a "debt

26  collector" as defined by Cal. Civ. Code § 1788.2(b) and a "debt buyer" under Cal. Civ. Code

27  § 1788.50 (a)(1).

28  ///

3

Complaint for Damages

Exhibit 1
Page 5

12. The true names and capacities of Defendants sued herein under Cal. Code of Civ. Pro. § 474 as Does 1-10 are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff will seek to amend this Complaint and include these Doe Defendants' true names and capacities when they are ascertained. The fictitiously named Defendants are responsible in some manner for the conduct alleged herein and for the damages suffered by Plaintiff.

13. Defendants are jointly and severally liable for the violations alleged in this Complaint. At all times mentioned in the causes of action alleged herein, each and every Defendant was the agent or employee of each and every other Defendant. All actions of each Defendant as alleged in the causes of action stated herein were ratified and approved by every other Defendant, whether officers or managing agents.

### RELATIONSHIPS BETWEEN DEFENDANTS

14. Encore is a publicly traded company that owns 30+ subsidiary entities. Midland Funding and Midland Credit are all wholly-owned subsidiaries of Encore.

15. Midland Funding purchases and owns delinquent debts (they are the largest purchaser in the United States). Midland Credit is the debt collector that Midland Funding uses to service and collect on its portfolio. Encore Capital Group, Inc. is the parent company overseeing this enterprise. Encore uses its subsidiaries to perpetuate their massive scheme to defraud hundreds of thousands of debtors into paying on fraudulent and/or time-barred debts throughout the United States.

16. Defendants all are engaged in the collection of delinquent debt. Their business practices exposes them to risks of liability for failing to comply with applicable debt collection, consumer protection, and credit reporting statutory requirements. To insulate their risk, the Defendants have colluded together to segregate operations among multiple entities that work in conjunction with one another all being directed by the parent company Encore. For example, Midland Funding purchases "bad debts" which have been charged off by the original creditors while Midland Credit handles collection activities on those debts. The

4

Complaint for Damages

Exhibit 1
Page 6

compartmentalization of these different Encore subsidiaries was set up to shield the Defendants from liability, confuse investigative agencies and perpetuate their enterprise.

FACTUAL ALLEGATIONS

17. Around October 15, 2005, Plaintiff incurred a "consumer debt" as that term is defined by Cal. Civ. Code § 1788.2(f) and a "debt" as that term is defined by 15 U.S.C. § 1692(a)(5) for a Washington Mutual ("WAMU") credit card ending 1589. The debt was incurred primarily for personal, family and household purposes. The debt has since become a "charged-off consumer debt" under Cal. Civ. Code § 1788.50(a)(2).

18. Around November 19, 2008, Plaintiff made his last payment on the debt. There has not been any activity on the account since November 19, 2008.

19. On January 9, 2009, Plaintiff's attorney Daniel G. Shay ("Shay") sent WAMU a Cease and Desist Letter by facsimile to its fax number ending 4236 and received a confirmation receipt. This letter was from both Plaintiff and Shay and contained a notification of representation, a dispute of the debt and a request to stop communicating with Plaintiff. Shay verified that the fax number ending 4236 belonged to WAMU.

20. Sometime around 2014, the debt was sold to Defendants for collection. The statute of limitations in California under Cal. Code Civ. Proc. §337 for debt resulting from breach of contract, such as the WAMU debt, is 4 (four) years and the debt is a "time barred debt".

21. On March 8, 2015, Midland Credit sent Plaintiff a debt collection letter ("letter") that said;

> "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid."

22. This statement is a per se violation of the FDBPA because the required statement is;

> "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, [insert name of debt buyer] may [continue to] report it to the credit reporting agencies as unpaid **for as long as the law permits this reporting.**" (boldness added to text)

23. Defendants intentionally left out "for as long as the law permits this reporting" because it weakens their ability to collect.

5

Complaint for Damages

Exhibit 1
Page 7

24. Defendants also used the word "we" where they were supposed to "[insert name of debt buyer]".

25. California courts have held that not using, or leaving out, the correct required language is a violation of the law. *Schuchardt v. Law Office of Rory W. Clark*, 2016 WL 232435 (N.D. Cal. Jan. 20, 2016)

26. Defendants said they would "continue to report it to the credit reporting agencies" when in fact Plaintiff believes they were not reporting the debt and had no intention of reporting it.

27. Defendants may argue they were required to include the language above by Cal. Civ. Code § 1788.52(d), but the language above is inaccurate and incomplete.

28. Even if it was accurate, the language above violates the FDCPA for several reasons and "the requirements of federal law shall prevail" under Cal. Civ. Code § 1788.52(f).

29. The letter went on to say;

> "*If you pay your full balance, we will report your account as **Paid in Full.** If you pay less than your full balance, we will report your account as **Paid in Full for less than the full balance.**"

30. The back of the letter says;

> **"IF YOU LIVE IN CALIFORNIA, THIS APPLIES TO YOU:"**
>
> "As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit-reporting agency if you fail to fulfill the terms of your credit obligations."

31. Plaintiff believes Defendants were not reporting the debt and had no intention of reporting it.

32. Plaintiff asserts that Defendants did not have all of the information required by the FDBPA such as the balance at charge off, the date of default or a copy of the contract or most recent monthly statement. The letter makes no mention of any of this information.

33. Defendants sent similar debt collection letters to thousands of debtors across California and The United States. Plaintiff argues theses unlawful debt collection communications are part of an intentional bad faith pattern and practice that warrant punitive damages to deter such communications in the future.

///

6

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**
**CAL. CIV. CODE § 1788, ET SEQ.**

34. Plaintiff incorporates by reference the above paragraphs of this complaint.

35. Defendants attempted to collect a debt and, as such, engaged in "debt collection" as defined by Cal. Civ. Code § 1788.2(b).

36. Defendants, in the regular course of business, engage in debt collection and are "debt collectors" as defined by Cal. Civ. Code § 1788.2(c).

37. Defendants threatened to take action against Plaintiff that is prohibited by the RFDCPA in violation of Cal. Civ. Code § 1788.10(f).

38. Defendants made a false representation that information concerning Plaintiff's failure or alleged failure to pay a consumer debt has been or is about to be referred to a consumer reporting agency in violation of Cal. Civ. Code § 1788.13(f).

39. Defendants violated Cal. Civ. Code § 1788.17 by failing to comply with numerous provisions of 15 U.S.C. § 1692, *et seq* as required by Cal. Civ. Code § 1788.17.

40. Plaintiff is entitled to damages as a result of Defendants' violations.

41. Plaintiff is also entitled to an award of attorney fees and costs.

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692, ET SEQ.**

42. Plaintiff incorporates by reference the above paragraphs of this complaint.

43. While attempting to collect the debt, Defendants engaged in a "communication" with Plaintiff as defined by 15 U.S.C. § 1692a(2).

44. Defendants communicated with Plaintiff after knowing Plaintiff was represented by an attorney in violation of 15 U.S.C. § 1692b(6) and 15 U.S.C. § 1692c(a)(2).

45. Defendants used false, deceptive, or misleading representations or means in connection with the collection of a debt in violation of 15 U.S.C. § 1692e.

46. Defendants threatened to take action that cannot legally be taken or that was not intended to be taken in violation of 15 U.S.C. § 1692e(5).

///

7

Complaint for Damages

Exhibit 1
Page 9

47. Defendants used false and deceptive means to collect, or attempt to collect, a debt in violation of 15 U.S.C. § 1692e(10).

48. Defendants used unfair and unconscionable means to collect, or attempt to collect, a debt in violation of 15 U.S.C. § 1692f.

49. The foregoing acts and omissions constitute multiple violations of 15 U.S.C. § 1692 *et seq*, including the above-cited provisions.

50. The FDCPA is controlling when in conflict with the FDBPA because "the requirements of federal law shall prevail" under Cal. Civ. Code § 1788.52(f).

51. Plaintiff is entitled to damages as a result of Defendants' violations.

52. Plaintiff is also entitled to an award of attorney fees and costs

### THIRD CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT BUYING PRACTICES ACT
### CAL. CIV. CODE § 1788.50, ET SEQ.

53. Plaintiff incorporates by reference the above paragraphs of this complaint.

54. Defendants made written statements to Plaintiff in an attempt to collect a consumer debt without possessing all of the information required by Cal. Civ. Code § 1788.52(a).

55. Defendants attempted to collect a time barred debt and did not include all of the proper language required by Cal. Civ. Code § 1788.52(d)(2).

56. Plaintiff is entitled to damages as a result of Defendants' violations.

57. Plaintiff is also entitled to an award of attorney fees and costs.

### PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

### FIRST CAUSE OF ACTION
### VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### CAL. CIV. CODE § 1788, ET SEQ.

58. As a result of Defendants' violations of Cal. Civ. Code § 1788 *et seq*, Plaintiff seeks actual damages pursuant to Cal. Civ. Code § 1788.30(a);

///

8

Complaint for Damages

Exhibit 1
Page 10

59. Statutory damages of $1,000.00 for willful violations of Cal. Civ. Code § 1788 *et seq* pursuant to Cal. Civ. Code § 1788.30(b);

60. Cumulative statutory damages of $1,000.00 under 15 U.S.C. § 1692k(2) for violations of 15 U.S.C. § 1692 *et seq* which is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17 that says violators "shall be subject to the remedies of Section 1692k of, Title 15 of the United States Code.";

61. An award of attorney fees and costs to counsel for Plaintiff pursuant to Cal. Civ. Code § 1788.30(c);

62. Any other relief the Court may deem just and proper including interest and punitive damages.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, ET SEQ.

63. As a result of Defendants' violations of 15 U.S.C. § 1692 *et seq*, Plaintiff seeks cumulative actual damages pursuant to 15 U.S.C. § 1692(k)(a)(1);

64. Cumulative statutory damages of $1,000.00 for violation of 15 U.S.C. § 1692 *et seq* pursuant to 15 U.S.C. § 1692(k)(a)(2)(A);

65. An award of cumulative attorney fees and costs to counsel for Plaintiff pursuant to 15 U.S.C. § 1692(k)(a)(3);

66. Any other relief the Court may deem just and proper including interest and punitive damages.

## THIRD CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT BUYING PRACTICES ACT
## CAL. CIV. CODE § 1788.50, ET SEQ.

67. As a result of Defendants' violations of Cal. Civ. Code § 1788.50 *et seq*, Plaintiff seeks actual damages pursuant to Cal. Civ. Code § 1788.62(a)(1);

68. Statutory damages of $1,000.00 for willful violations of Cal. Civ. Code § 1788.50 *et seq* pursuant to Cal. Civ. Code § 1788.62(a)(2);

69. An award of attorney fees and costs to counsel for Plaintiff pursuant to Cal. Civ. Code § 1788.62(c)(1);

70. Any other relief the Court may deem just and proper including interest and punitive damages.

///

9

Complaint for Damages

Exhibit 1
Page 11

1

**TRIAL BY JURY**

2          Pursuant to the seventh amendment to the Constitution of the United States of America,

3    Plaintiff is entitled to, and demands, a trial by jury on all counts so triable.

4

5    Date:  February 25, 2016                LAW OFFICE OF DANIEL G. SHAY

6                                            By: /s/ Daniel G. Shay

7                                            Daniel G. Shay, Esq.
                                             DanielShay@TCPAFDCPA.com

8                                            409 Camino Del Rio South, Suite 101B
                                             San Diego, CA  92108

9                                            Telephone: (619) 222-7429
                                             Facsimile:  (866) 431-3292

10

11                                           *Attorney for Plaintiff*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_____
10
Complaint for Damages

Exhibit 1
Page 12



**CORPORATION SERVICE COMPANY®**

**NXC / ALL**
**Transmittal Number: 15494271**
**Date Processed: 08/10/2016**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Carol Steury<br>Midland Credit Management, Inc.<br>3111 Camino del Rio North<br>Suite 103<br>San Diego, CA 92108 |

| | |
|---|---|
| **Entity:** | Encore Capital Group, Inc.<br>Entity ID Number  2618163 |
| **Entity Served:** | Encore Capital Group, Inc. |
| **Title of Action:** | Richard Hamilton vs. Encore Capital Group, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Violation of State/Federal Act |
| **Court/Agency:** | San Diego County Superior Court, California |
| **Case/Reference No:** | 37-2016-00006522-CL-MC-CTL |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 08/09/2016 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Daniel G. Shay<br>619-222-7429 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

Exhibit 1
Page 13