# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HAMILTON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>Defendant. | CASE NO. 16cv2273-WQH-NLS<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss filed by Defendant Midland Credit Management, Inc. (ECF No. 17).

**I. Background**

Plaintiff Richard Hamilton commenced this action by filing a complaint in the Superior Court of California, County of San Diego on February 26, 2016. (ECF No. 1-2). In the complaint, Plaintiff alleged four causes of action against Encore Capital Group, Inc., Midland Credit Management, Inc., and Midland Funding, LLC[1]: (1) violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.*; (2) violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*; and (3) violations of the Fair Debt Buying Practices Act, Cal. Civ. Code. § 1788.50, *et seq. Id.* at 9-10. On September 8, 2016, Encore Capital Group, Inc.,

---

[1] Encore Capital Group, Inc. and Midland Funding, LLC were not named as Defendants in the First Amended Complaint.

Midland Credit Management, Inc., and Midland Funding, LLC filed a Notice of Removal of Action Under 28 U.S.C. § 1441(a). (ECF No. 1).

On January 3, 2017, the Court issued an order granting Plaintiff's motion for leave to file a first amended complaint. (ECF No. 14). On January 4, 2017, Plaintiff filed the First Amended Complaint ("FAC"), alleging class and individual claims pursuant to the Fair Debt Collection Practices Act ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"). (ECF No. 15). The FAC only names Defendant Midland Credit Management, Inc. ("Defendant"). *Id.*

On January 18, 2017, Defendant filed the Motion to Dismiss the FAC based on the statute of limitations of the FDCPA and the RFDCPA, as well as Plaintiff's failure to state a claim under Rule 12(b)(6). (ECF No. 17). On January 18, 2017, Defendant filed a Request for Judicial Notice "of Plaintiff Richard Hamilton's Amendment to the Schedule of Real and/or Personal Property dated February 29, 2016 filed in the United States Bankruptcy Court, Southern District of California[.]" (ECF No. 17-2 at 2). On February 20, 2017, Plaintiff filed a response in opposition. (ECF No. 21). On February 27, 2017, Defendant filed a reply. (ECF No. 22). On March 21, 2017, Plaintiff filed a notice of supplemental authority. (ECF No. 23). On March 24, 2017, Defendant filed a notice of distinguishing recent supplemental authority as noticed by Plaintiff. (ECF No. 24).

**II. Allegations of the First Amended Complaint (ECF No. 15)**

"Plaintiff is currently in a Chapter Seven Bankruptcy in San Diego under case number 16-00370-MM7 filed on January 28, 2016. The statute of limitations is expiring soon for claims alleged herein and Plaintiff is filing this case now to preserve those claims either for him or the bankruptcy estate." (ECF No. 15 at ¶ 4). "In or about 2005, Plaintiff is alleged to have incurred financial obligations to the original creditor, Washington Mutual . . . Plaintiff's alleged financial obligations were allegedly incurred for personal, family and household purposes." *Id.* at ¶¶ 19, 21. "Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.

1  Plaintiff currently takes no position as to whether or not this alleged debt was actually
2  owed.  Subsequently, WAMU allegedly assigned, placed, or otherwise transferred, to
3  Defendant the right to collect Plaintiff's alleged debt." *Id.* at ¶¶ 22-23.
4       "As a result of the alleged transfer, Plaintiff received a written communication
5  from Defendant and/or Defendant's agents regarding the alleged debt." *Id.* at ¶ 24. "In
6  this regard, Defendant sent Plaintiff a debt collection letter [("the March 2015 letter")]
7  on March 8, 2015[.]" *Id.* at ¶ 25.  Plaintiff alleges the letter stated:

> The law limits how long you can be sued on a debt.  Because of the age of your debt, we will not sue you for it.  If you do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid.

*Id.* "While said written communication explicitly informs the least sophisticated consumer that a collection action for an alleged debt is governed by a finite Statute of Limitations, the letter omits that another Statute of Limitations limits the [time] during . . . which a debt may be reported to the Credit Bureaus." *Id.* at ¶ 26. "No Federal or State statute permits any reporting party to report an alleged debt on a consumer's credit report into perpetuity.  California courts have held that not using, or leaving out, the correct required language is a violation of the law." *Id.* at ¶¶ 28-29. "The omission of the applicable Statute of Limitations for reporting while including reference to the Statute of Limitations applicable to a collection action is misleading to the least sophisticated consumer." *Id.* at ¶ 30.

"Defendant sent similar debt collection letters to thousands of debtors across California and The United States." *Id.* at ¶ 36. Plaintiff asserts that he "brings this class action on behalf of himself, and on behalf of all others similarly situated." *Id.* at ¶ 37. Plaintiff asserts that Class 1 is composed of "all persons within the United States of America (ii) who were sent a written communication by Defendant (iii) substantially similar to the written communication [above] . . . (v) which was not returned undelivered by the United States Postal Service; (vi) within one year prior to the filing of the Complaint in this action." *Id.* at ¶ 38. Plaintiff asserts that Class 2 is composed of "(i) all persons with addresses within the State of California; (ii) who were sent a

written communication by Defendant (iii) substantially similar to the written communication [above] . . . (v) which was not returned undelivered by the United States Postal Service; (vi) within one year prior to the filing of the Complaint in this action." *Id.* at ¶ 39. "Plaintiff does not know the exact number of persons in the Classes, but believes them to be in the several hundreds, if not thousands[.]" *Id.* at ¶ 42.

Plaintiff asserts two causes of action in the FAC against Defendant Midland Credit Management, Inc.: (1) violation of the FDCPA, 15 U.S.C. § 1692, *et seq.*; and (2) violation of the RFDCPA, Cal. Civ. Code § 1788, *et seq.* Plaintiff's prayer for relief includes a request for this action to be certified as a class action, an award of actual damages, statutory damages, and litigation and attorney's fees.

**III. Contentions of the Parties**

Defendant contends that the FAC fails to state a cognizable claim under the FDCPA and the RFDCPA. Defendant contends that its March 8, 2015 letter did not include a material misrepresentation. Defendant contends that the FDCPA does not require creditors to disclose in a collection letter the credit reporting statute of limitations when the letter references the collection statute of limitations. Defendant contends that it "was legally entitled to report Plaintiff's debt . . . and lawfully could do so until up to seven years after the date of charge off (i.e., June 2016)" at the time it sent Plaintiff the March 2015 letter. (ECF No. 22 at 11).

Plaintiff contends that Defendant's March 2015 letter "misleads the least sophisticated consumer to believe that Defendant may report Plaintiff's debt to the Credit Bureaus indefinitely." (ECF No. 21 at 14). Plaintiff contends that the placement of the collections statute of limitations in the letter "juxtapos[ed] . . . with the omission of a clearly stated Statute of Limitations for reporting to the Credit Bureaus makes it appear the no such period exists." *Id.* Plaintiff contends that "[t]his omission constitutes the violation at issue herein since it is misleading." *Id.*

**IV. Analysis**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state

a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). "To survive a motion to dismiss, a plaintiff's complaint must have sufficient facts 'to state a facially plausible claim to relief.'" *Id.* (quoting *Shroyer v. New Cindular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Ashcroft*, 556 U.S. at 678).

"The FDCPA was enacted as a broad remedial statute designed to 'eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1060 (9th Cir. 2011) (quoting 15 U.S.C. § 1692(e)). The Court of Appeals has explained that "[i]ts remedial purpose is to prevent debt collection actions that frustrate consumers' ability to chart a course of action in response to a collection effort." *Davis v. Hollins Law*, 832 F.3d 962, 963 (9th Cir. 2016).

The two FDCPA provisions at issue in this case are 15 U.S.C. §§ 1692e and 1692f. Section 1692e prohibits the "use [of] any false, deceptive, or misleading representation or means in connection with the collection of any debt."

15 U.S.C. § 1692e. The statute prohibits "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken[,]" "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed[,]" and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §§ 1692e(5), 1692e(8), 1692e(10). Section 1692f prohibits the "use [of] unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

California's RFDCPA incorporates sections 1692e and 1692f of the FDCPA, the provisions of the FDCPA at issue in the FAC. *See* Cal. Civ. Code. § 1788.17 ("Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."). Plaintiff's allegations in the FAC concerning the RFDCPA arise from alleged FDCPA violations. *See* ECF No. 15 at 6-7 (listing the FDCPA claim, and then asserting that the listed FDCPA "section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17 [the RFDCPA]."). For the purposes of the Motion to Dismiss, the Court analyzes Plaintiff's FDCPA and RFDCPA claims together. *See also Davis*, 832 F.3d at 966 n.3 (declining to address the plaintiff's RFDCPA claim separately from the plaintiff's FDCPA claim "because the state law claim is derivative of the federal claim," and stating that "the Rosenthal Fair Debt Collection Practices Act (RFDCPA) . . . is the California state equivalent of the FDCPA.").

"Whether conduct violates §§ 1692e or 1692f requires an objective analysis that takes into account whether 'the least sophisticated debtor would likely be misled by a communication.'" *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010) (quoting *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007)). "The

objective least sophisticated debtor standard is 'lower than simply examining whether particular language would deceive or mislead a reasonable debtor.'" *Terran v. Kaplan*, 109 F.3d 1248, 1431-32 (9th Cir. 1997) (quoting *Swanson v. S. Oregon Credit Serv., Inc.*, 896 F.2d 1222, 1227 (9th Cir. 1988)). "Most courts agree that although the least sophisticated debtor may be uninformed, naive, and gullible, nonetheless her interpretation of a collection notice cannot be bizarre or unreasonable." *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1027 (9th Cir. 2012).

In *Gonzales*, the Court of Appeals affirmed summary judgment in favor of the plaintiff who challenged a clause in the defendant's debt collection letter stating that upon receiving the plaintiff's settlement payment, "if we are reporting the account, the appropriate credit bureaus will be notified that this account has been settled." 660 F.3d at 1059. The Court of Appeals stated that "it is well established that [a] debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Id.* at 1062 (citation and quotation marks omitted). The defendant in *Gonzales* conceded that it was legally prohibited from reporting the plaintiff's debt – but the defendant asserted that the letter was not misleading because it contained conditional language. *Id.* The Court of Appeals found that the letter "suggests two possibilities" – (1) that the defendant was not reporting the debt and would therefore make no further report in the event of a settlement; or (2) "that, under some set of circumstances applicable to the recipient, [the defendant] could and would report the account." *Id.* at 1063. The Court of Appeals determined that "there would be no reason for [the defendant] to assert its intention to make a positive report in the event of payment" and that "[o]nly the first reading is actually correct" because the defendant legally could not report the account. *Id.* The Court of Appeals further stated that misleading nature of the letter was "compounded by the fact that [the defendant] did nothing to clarify when it could report a debt." *Id.*

In this case, Defendant informed Plaintiff that it would not sue to collect on his debt because "[t]he law limits how long you can be sued on a debt." (ECF No. 15 at ¶

25). The letter informed Plaintiff that "If you do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid." *Id.* In this case, employing the least sophisticated debtor standard, the March 2015 letter is not subject to an interpretation that would "suggest[] two possibilities." *Gonzales*, 660 F.3d at 1063. Unlike the letter in *Gonzales*, Defendant's statement in the March 2015 letter that "If you do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid" is factually correct – as Defendant is legally permitted to include "[a]ccounts placed for collection or charged to profit and loss which antedate the report by more than seven years" in a consumer report. ECF No. 15 at ¶ 25; 15 U.S.C. § 1681c(a)(4). Defendant was legally permitted to report the debt at the time it sent the March 2015 letter. Plaintiff has not identified any authority requiring Defendant to include the reporting statute of limitations in the March 2015 letter.

The Court has reviewed *Pittman v. Jefferson Capital Systems, LLC*, No. 1:16-cv-03250-SEB-MJD, 2017 WL 1041577, (S.D. Ind. Mar. 14, 2017), *report and recommendation adopted*, 2017 WL 1207835 (S.D. Ind. Mar. 31, 2017), the case included in Plaintiff's notice of supplemental authority (ECF No. 23). In *Pittman*, the court denied a debt collector defendant's motion to dismiss an FDCPA cause of action that was based on allegations that a debt collection letter was misleading. The letter in *Pittman* stated that,

> The law limits how long you can be sued on a debt. Because of the age of your debt, out [sic] client will not sue you for it. In circumstances, you can renew the debt and start the time period for the filing of a lawsuit against you if you take specific actions such as making certain payment on the debt or making a written promise to pay. You should determine the effect of any actions you take with respect to this debt.

2017 WL 1041577, at *1. At the time the letter was sent to the plaintiff, the statute of limitations had run for the defendant to sue or report the plaintiff's debt. *Id.* The court denied the motion to dismiss because it determined that the letter could "misle[a]d or confuse[]" a consumer "by assertions that payment of a stale debt would 'aid your financial situation.'" *Id.* at *4. While the letter in *Pittman* did not include the reporting

statute of limitations, the court did not address nor determine that such an omission supported the plausibility of the plaintiff's FDCPA claim. The court stated that "[its] conclusion that Plaintiff has stated a claim does not rest on the need for a disclosure regarding credit reporting" by the defendant. *Id.*

In this case, the Court determines that the relevant language in the March 2015 letter cannot "reasonably be interpreted to imply that the debt collector will take action it has no intention or ability to undertake[.]" *Gonzales*, 660 F.3d at 1063. *See also Evon*, 688 F.3d at 1028 (affirming dismissal of FDCPA claim under 15 U.S.C. § 1692e based on the content of the letter, stating that "[w]hile the letter [sent to the plaintiff from the defendant debt collector] could have included additional clarifying language, we do not believe that the language of the letter goes so far as to be considered false, deceptive, or misleading."). The Court concludes that Plaintiff has failed to allege sufficient facts to plausibly suggest that Defendant's March 2015 letter was misleading under either the FDCPA or the RFDCPA. Accordingly, the Court GRANTS Defendant's Motion to Dismiss the FAC (ECF No. 17).[2]

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[2] Defendant further contends that the claims in the FAC are barred by the FDCPA and the RFDCPA's one-year statute of limitations. The Court determines that the individual claims in the FAC relate back to the date the original complaint was filed in state court, February 26, 2016, pursuant to Federal Rule of Civil Procedure 15(c). *See Williams v. Boeing Co.*, 517 F.3d 1120, 1133 (9th Cir. 2008) (stating that claims relate back and "arise out of the same conduct, transaction, or occurrence" as the original complaint under Rule 15(c)(1)(B) when "they share a common core of operative facts such that the plaintiff will rely on the same evidence to prove each claim.") (citation and quotation marks omitted).

**V. Conclusion**

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 17) filed by Defendant is GRANTED.  The Clerk of the Court is ordered to close this case.

IT IS FURTHER ORDERED that Defendant's Request for Judicial Notice (ECF No. 17-2) is DENIED as moot.

DATED: August 28, 2017

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge